## Case No. 16,345.

### UNITED STATES v. SMITH et al.

[3 Wash. C. C. 525.] [1]

Circuit Court, E. D. Pennsylvania. Oct Term, 1819.

SEAMEN—CORRECTION BY MASTER—RIGHT OF RESISTANCE—CONFINEMENT OF MASTER—REVOLT.

1. The master of a vessel has an absolute authority on board the vessel under his command,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

and his lawful orders must be obeyed. He may inflict moderate correction for disobedience, and impertinent language or behaviour. The seaman may endeavour to escape from it; and if he is pursued, and ·is otherwise exposed to a repetition of such treatment, he may resist for the mere purpose of protecting himself from injury.

[Cited in Fuller v. Colby, Case No. 5,149.]

[Cited in Buddington v. Smith, 13 Conn. 336; Thompson v. Hermann, 47 Wis. 607, 3 N. W. 579.]

2. If the master use an unlawful weapon, or the seaman is exposed to danger of his life, or limbs, he may resort to any necessary species of defence to avoid this danger.

[Cited in Fuller v. Colby, Case No. 5,149.]

3. If the master strikes the seaman, and is seized by him, and· is so firmly held, as that he cannot extricate himself, the seaman is guilty of confining the captain.

4. Quere, what is making a revolt on board a ship?

Indictment [against Smith and Coombs]. The first count was for confining the captain. 2. For endeavouring to make a revolt.

WASHINGTON, Circuit Justice (charging jury). As something has been said, by the counsel on each side, respecting the authority of the master of a vessel to correct his seamen, and the duty of submission by the latter, it may not, perhaps, be time misemployed, ·to make some observations upon these subjects, although not necessarily involved in the questions which arise under the present prosecution. The master has an absolute authority on board of his ship; and his orders, .if not unlawful, are, and must be, imperative. Submission is amongst the first duties of the seamen; and their deportment to the master ought to be respectful. He is justified in inflicting moderate correction on the mariners, for disobedience of orders, and for impertinent language and behaviour. Although it would be, in general, more dignified and more prudent, to avoid inflicting personal chastisement on a seaman for offensive language, yet the law does not condemn him for doing so; it is an indulgence to human infirmity, rather than a justification. The seaman, in such a predicament, may endeavour to escape from it; and if pursued, or if he is otherwise exposed to a repetition of such treatment, he may lawfully resist, in such manner as to protect himself against injury. If the master make use of an unlawful weapon, or the seaman is otherwise exposed to apparent danger of life or limb, he may lawfully resort to any species of defence necessary to avert the danger. In the case of U. S. v. Sharp [Case No. 16,264], this doctrine was fully explained.

Having made these general observations, we proceed to the consideration of the first count in the indictment; which is, for confining the master. The evidence on the part of the prosecution is, that after the master had struck at Smith, with a rope of dangerous size, which Smith laid hold of in order to escape the blow, the master struck him with his fist, which Smith returned; and having seized

each other, they fell on the deck; and the master, having the ascendency, placed his knee on the breast of Smith; and, in that situation, mutual blows were exchanged, (Smith having hold of the master's collar,) until Boyd, another of the seamen, desired the master not to strike Smith again; upon which he quitted Smith, and ordered all the seamen, who, to. the number of eight or ten, had come aft on the quarter deck, to go forward. The witnesses further prove, that, whilst Smith was. down, he called to his comrades more than once, and asked if they would see him so treated; that they were ordered by the master to go forward, which they refused to do, until the master had called for his cutlass, and was in a situation to enforce his order. The defendants' witnesses deny that Smith struck the master, or laid hold of him, so as to confine him; some of them deny, also, that Smith called for the aid of his comrades, or that they were ordered by the master to go forward, until he had risen from the deck and called for his cutlass; when they obeyed.

Upon .this evidence, it is for you to say, whether the captain was at any time confined by Smith. That Smith, after he was seized by the master, and until he was released, was himself confined, is certain. Nevertheless, if the captain's situation was forced upon him by Smith, if he was so firmly held by Smith that he could not extricate himself, then the defendant is guilty under this count; because, it has repeatedly been decided in this court, that if the master be placed under restraint by his seamen, or by any one of them, for any space of time, however short, whether it be by manual force, or by menace and intimidation, this is, in construction of law, a confinement. U. S. v. Sharp [supra]; U. S. v. Bladen [Case No. 14,606]; U. S.· v. Smith [Id. 16,337]. If, on the other hand, the master was not so restrained, the insolence of Smith, his return of the captain's blows, however culpable such conduct would render him, and his resistance of the blows he received, would not amount to this offence. One of the witnesses stated, that he and the captain thought it prudent, for some nights after this affray, to keep watch in the cabin, and to be armed. If this was so, and you should be of opinion, that the conduct of the defendants and their associates rendered that measure prudent; and if also, the captain, in consequence of any threatened danger from the seamen, was prevented from the free exercise of all his privileges in every part of the ship, then these circumstances would amount to a constructive confinement; otherwise not. But unless this, in your opinion, was the fact; there is no evidence whatever to convict Coombs upon this count, as he had no personal conflict with the master, which can be construed into a confinement of him.

As to the other count, for endeavouring to make a revolt: What constitutes a revolt, has never been decided by this court. On the contrary, we have always recommended it to

the jury, to acquit the accused on counts for making, or endeavouring to make, a revolt. But a most respectable and learned judge of the supreme court (U. S. v. Smith [supra]) has defined it to be an endeavour to excite the crew to overthrow the lawful authority of the master and officers of the ship. Wishing to have this point decided by the supreme court, we shall request the jury, in case they should be of opinion that the defendants are guilty of endeavouring to make a revolt, according to this definition, to find them guilty, subject to the opinion of the court upon the facts of the case.

The jury found the defendants not guilty.